IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DIGIMARC CORPORATION,**
an Oregon corporation,

        Plaintiff,

v.

**VERANCE CORPORATION,**

        Defendant.

10-CV-1489-BR

ORDER

**BROWN, Judge.**

On September 19, 2011, Magistrate Judge John Jelderks issued Findings and Recommendation (#106)[1] in which he recommended this Court **DENY** Defendant Verance Corporation's Motion (#13) to Dismiss or Stay this Action and to Compel Arbitration**, DENY** Verance's Motion (#69) for Partial Summary Judgment, and **GRANT in part** and **DENY in part** Plaintiff Digimarc

---

[1] After issuance of the Magistrate Judge's Findings and Recommendation, this case was reassigned to this Court. Nevertheless, the Court will review the Findings and Recommendation in accordance with the applicable standards.

1 - ORDER

Corporation's Motion (#55) for Partial Summary Judgment.[2] This matter is now before the Court under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the magistrate judge's findings and recommendation, the district court must make a *de novo* determination of that portion of the magistrate judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988). For any portion of the findings and recommendation to which the parties do not object, the court is relieved of its obligation to review the factual record *de novo*, *Reyna-Tapia*, 328 F.3d at 1121, and reviews *de novo* only the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

Neither Verance nor Digimarc objected to the Magistrate Judge's Findings and Recommendation as to Verance's Motion (#69) for Partial Summary Judgment or as to Digimarc's Motion (#55) for Partial Summary Judgment to the extent that the Magistrate Judge found genuine disputes of material facts exist as to the amount of damages incurred by Digimarc arising from Verance's breach of

---

[2] The Magistrate Judge denied Verance's Motions (#40) to Strike or in the Alternative to Stay Defendant's Motion to Dismiss Pending Discovery and (#80) to Stay Discovery.

contract. Having reviewed the legal principles *de novo* as to those portions of the Findings and Recommendation to which the parties do not object, the Court does not find any error.

Verance filed timely Objections to the Magistrate Judge's Findings and Recommendation as to its Motion (#13) to Dismiss or Stay this Action and to Compel Arbitration and to Digimarc's Motion (#55) to the extent that the Magistrate Judge found Verance liable for breach a licensing agreement between the parties.

The Court, therefore, reviews *de novo* those portions of the Magistrate Judge's Findings and Recommendation.

## BACKGROUND

Digimarc alleges Verance breached a licensing agreement by which Verance agreed to pay royalties and fees to Digimarc for the right to use Digimarc's patents relating to "Audio Copy Protection" and "Audiovisual Copy Protection"; *i.e.,* "Fields of Use" in Verance's products. Under the agreement, Verance was required to submit quarterly reports to Digimarc accounting for net revenues that Verance received from the sale of any of its products that were subject to the licensing agreement. Verance agreed to pay certain percentages of those revenues to Digimarc as "contingent licensing fees." Under the agreement, disputes were to be resolved in state or federal courts in Oregon.

3 - ORDER

Digimarc alleges Verance breached the licensing agreement by (1) not making payments under the agreement, (2) granting itself a credit of payments previously made under the agreement, and (3) filing an action in Delaware seeking a declaration that the licensing agreement is void.  Digimarc seeks damages, an order requiring Verance to perform its obligations under the agreement, a constructive trust for assets and funds that Verance realized, and an injunction halting the Delaware patent litigation.

### **VERANCE'S MOTION TO DISMISS OR STAY AND TO COMPEL ARBITRATION**

In September 2010 Verance submitted a quarterly report to Digimarc reflecting its net revenues from the sale of its licensed products and took a "credit" in the amount $1,851,100 after reallocating net revenues from 2003 forward that were generated from products it sold that were otherwise subject to the licensing agreement between the parties.  Digimarc contends Verance was not entitled to such a credit.

Verance contends the parties' dispute in any event should be arbitrated in accordance with the terms of the licensing agreement between the parties subject to the provisions of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 2 and 3.  Accordingly, Verance asserts this case should be dismissed or stayed pending

such arbitration.

The Magistrate Judge recommends this Court deny Verance's Motion (#13) because "[n]one of the specific, narrow, arbitration provisions in the Agreement apply to the circumstances giving rise to Digimarc's breach of contract claim."

Verance objects to the Magistrate Judge's recommendation on the ground that specific provisions in the licensing agreement require the parties' dispute to be arbitrated.  Accordingly, Verance urges this Court to reject the Magistrate Judge's recommendation and to dismiss this case or to stay it pending the outcome of such arbitration.

Digimarc, in turn, contends the licensing agreement does not provide for arbitration of the specific disputes between the parties in this case.

### **Standards**

Under the Federal Arbitration Act (FAA), agreements to resolve disputes in "a transaction involving commerce" by arbitration are generally "valid, irrevocable, and enforceable." 9 U.S.C. § 2.  In an action otherwise subject to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had." 9 U.S.C. § 3.  "The FAA thereby places arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms."  *Rent-A-Car, West, Inc.*

5 - ORDER

*v. Jackson*, 130 S. Ct. 2772, 2778 (2010)(internal citation omitted).

The FAA "manifest[s] a 'liberal federal policy favoring arbitration agreements.'"  *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1072 (9th Cir. 2007)(internal citation omitted).

## Analysis

There are three separate arbitration provisions in the parties' licensing agreement.  The arbitration provision at issue is set forth in "Amendment Number One to the Original Digimarc-Verance Agreement."

Section 7 of the Amendment addresses "Contingent License Fees [to be paid] to Digimarc" under the licensing agreement.

Section 7.1.3.2 provides:  "*If market conditions change,* and [Verance] sell[s] Licensed Products that fall within [specified] Fields of Use," the contingent license fees payable to Digimarc" will be applied in a particular manner.  Emphasis added.

Section 7.1.3.3 requires the parties "[w]ith respect to Section 7.1.3.2" to "negotiate in good faith to determine the Portion of Verance Net Revenues allocable to [Digimarc's] Licensed Products and Services within the Fields of Use [*i.e.,* Verance's "Audio Copy Protection" and "Audiovisual Copy Protection" products] *for a period not to exceed thirty days* after the date Digimarc has received written notice from Verance that such an allocation is required."  Emphasis added.  If

6 - ORDER

negotiations fail, the dispute "will be settled by arbitration" in accordance with Section 6.4 of the original agreement, which describes the procedure to be followed when invoking and conducting "expedited" arbitrations.

The alleged arbitrable issue pertains to a $1.866 million "credit" that Verance applied against its outstanding obligations to Digimarc in September 2010. Verance's entitlement to such a credit allegedly arises as a result of Verance's "misallocation of revenue" in 2003 relating to certain of its products that at the time were purportedly within the field of use as described in the agreement between the parties. Verance contends none of the above contractual provisions foreclose its right to arbitrate whether Verance is entitled to a credit from Digimarc flowing from the reallocation of such past revenue. To support its position that it is entitled to such a credit, Verance relies on Section 9.5 of the original agreement between the parties (also incorporated in Amendment Number One) that provides in relevant part:

> If Verance has to reverse previously recognized Verance Net Revenue reported under a previous Quarterly License Reporting Statement, *Verance could claim a credit on a subsequent Quarterly License Reporting* Statement for the same quarter it reversed the previously recognized Verance Net Revenue in Verance's income statement.

Def. Mem., Ex. 1 (emphasis added). According to Verance, its

7 - ORDER

"reversal" of approximately $1.866 million of previously reported revenue from seven years earlier is a type of "credit" referred to and falling within the meaning of Section 9.5.

As noted, the Magistrate Judge rejected Verance's position and found the "if market conditions change" language in Section 7.1.3.2 is "clearly a forward-looking provision" that conditions Verance's right to seek a reversal of previously-recognized revenue.  In Verance's case, the reallocation was clearly not connected to a change in market conditions but was based on a purported "misallocation of revenue" years earlier.

After reviewing *de novo* the Magistrate Judge's Findings and Recommendation as to Verance's Motion (#13), the Court concurs in the Magistrate Judge's conclusion that "none of the specific, narrow arbitration provisions in the Agreement apply to . . . Digimarc's breach of contract claim."

Accordingly, the Court **ADOPTS** the Magistrate Judge's Findings and Recommendation as to this Motion and **DENIES** Defendant Verance's Motion (#13) to Dismiss or Stay this Action and to Compel Arbitration.

**DIGIMARC'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Digimarc seeks summary judgment that Verance breached the licensing agreement with Digimarc by taking a credit of $1,851,100 otherwise owed to Digimarc by improperly reallocating its net revenues.

In his Findings and Recommendation, the Magistrate Judge concluded the agreement did not give Verance the right to reallocate revenue by taking that credit. Verance objects to this portion of the Magistrate Judge's Findings and Recommendation.

After *de novo* review of the record, the Court concurs with the Magistrate Judge's conclusions for the reasons set out in the Findings and Recommendation.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Findings and Recommendation and **GRANTS** Plaintiff Digimarc's Motion (#55) for Partial Summary Judgment to the extent that Verance is liable to Digimarc for breach of the licensing agreement.

**CONCLUSION**

The Court **ADOPTS** Magistrate Judge Jelderks's Findings and Recommendation and **DENIES** Defendant Verance's Motion (#13) to Dismiss or Stay this Action and to Compel Arbitration, **DENIES** Defendant Verance's Motion (#69) for Partial Summary Judgment,

9 - ORDER

and **GRANTS in part** and **DENIES in part** Plaintiff Digimarc's Motion (#55) for Partial Summary Judgment.

    IT IS SO ORDERED.

    DATED this 20th day of January, 2012.

    /s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

10- ORDER